Case No. 25-2539

# In The United States Court Of Appeals For The Ninth Circuit

THE ESTATE OF TONNY STOREY, *et al.*,

*Plaintiff-Appellants,*

v.

AMAZON.COM, INC., *et al.*,

*Defendant-Appellees.*

On Appeal from the United States District Court
For the Western District of Washington, Seattle Division

## REPLY BRIEF OF THE PLAINTIFF-APPELLANTS THE ESTATE OF TONNY STOREY

Adam J. Berger
Lindsay L. Halm
**SCHROETER GOLDMARK & BENDER**
401 Union Street
Suite 3400
Seattle, Washington 98101
Telephone: (206) 622-8000

Irwin B. Levin
Scott D. Gilchrist
Gabriel A. Hawkins
**COHENMALAD, LLP**
One Indiana Square
Suite 1400
Indianapolis, Indiana 46208
Telephone: (317) 636-6481

**COUNSEL FOR THE ESTATE OF TONNY STOREY**

## TABLE OF CONTENTS

TABLE OF CONTENTS ........................................................... ii

TABLE OF AUTHORITIES ........................................................ iii

ARGUMENT ..................................................................... 1

    I.    Breach of Contract ..................................................... 2

        A.   "Guaranteed" is not a Prerequisite ............................ 3

           1.   Storey did not Change its Position .......................... 6

           2.   Amazon Never Includes "Guaranteed" .................... 7

        B.   Refunds ........................................................... 8

        C.   Delivery was Required within the Specified Time Window ..... 11

    II.   The CPA ............................................................. 12

CONCLUSION .................................................................. 14

CERTIFICATE OF COMPLIANCE WITH RULE 32(a) ............................ 15

CERTIFICATE OF SERVICE ...................................................... 16

## TABLE OF AUTHORITIES

### Cases

*AGCS Marine Ins. Co. v. Expeditors Int'l Ocean, Inc.*,
470 F.Supp.3d 1210 (W.D. Wash. 2020) ............................................... 11

*Enquist v. Oregon Dep't of Ag.*,
478 F.3d 985 (9th Cir. 2007) ............................................... 8

*Hickcox-Huffman v. US Airways, Inc.*,
855 F.3d 1057 (9th Cir. 2017) ............................................... 10

*Klutho v. S'west Airlines Co.*,
2020 WL 6703283 (E.D. Mo. Nov. 13, 2020) ............................................... 10

*Lebron v. Nat'l R.R. Passenger Corp.*,
513 U.S. 374 (1995) ............................................... 8

*Mortg. Elec. Registration Sys., Inc.*,
754 F.3d 772 (9th Cir. 2014) ............................................... 8

*Nihon Ki-In Go Inst. of the W. v. Nihon Ki-In*,
2012 WL 12941689 (W.D. Wash. June 27, 2012) ............................................... 12

*Storti v. Univ. of Wash.*,
330 P.3d 159 (Wash. 2014) ............................................... 11

*Thompson v. Runnels*,
705 F.3d 1089 (9th Cir. 2013) ............................................... 8

*U.S. Bank Nat'l Ass'n v. Lissak*,
2015 WL 4093401 (Wash. Ct. App. 2015) ............................................... 1

*U.S. v. Pallares-Galan*,
359 F.3d 1088 (9th Cir. 2004) ............................................... 8

*U.S. Bank Nat'l Ass'n v. Roosild*,
487 P.3d 212 (Wash. Ct. App. 2021) ............................................... 9

*Wagner v. Wagner*,
621 P.2d 1279 (Wash. 1980) ............................................... 11

### Court Rules

Fed. R. App. Proc. 25 ............................................... 16

Fed. R. App. Proc. 32 ............................................... 15

**ARGUMENT**

The unfounded nature of Amazon's position is underscored by the first sentence of its brief, wherein Amazon admonishes:

> The disposition of this appeal is largely controlled by one of the most basic principles of law: A party cannot rewrite his contract to insert language that is not there or ignore language he disfavors.

Br. of Appellees at 1. Storey urges this Court to carefully consider Amazon's above-quoted admonition.

Specifically, Amazon's Guaranteed Delivery Terms and Conditions set forth the specific elements necessary to qualify for a guaranteed delivery, and the listed elements do not indicate that "guarantee" must appear on Tonny's checkout page or that Tonny must request a refund to be eligible for guaranteed delivery. *See* 2 EXCP 243. In its appellant's brief, Storey repeatedly invoked this provision of Amazon's contract while insisting that Amazon may not add to the enumerated elements or otherwise vary from the listed preconditions giving rise to a guaranteed delivery. *See, e.g.,* Br. of Appellant at 4-5, 6, 9-11, 13, 23 (citing *U.S. Bank Nat'l Ass'n v. Lissak*, 2015 WL 4093401 (Wash. Ct. App. 2015)). Notwithstanding the explicit elements giving rise to a guaranteed delivery and the fact that Storey invoked this component of Amazon's contract five times in its appellant's brief, Amazon does not even address the elements and simply "ignores the language it disfavors."

Amazon similarly insists that guarantee "must" appear on Tonny's checkout page, that Tonny "should" contact Amazon to obtain a refund, and a refund is not available

"unless" guarantee appears on Tonny's checkout page. *See, e.g.,* Br. of Appellee at 1-2, 19, 23-25. Harkening to Amazon's above-quoted admonishment that "[a] party cannot rewrite his contract to insert language that is not there," however, "must," "should," and "unless" are nowhere to be found in Amazon's contract.

Amazon is obviously represented by capable counsel. Thus, if there were a favorable response to Storey's invocation of the restrictive elements actually included in its Guaranteed Delivery Terms and Conditions, one can be certain that such a response would have been included in Amazon's appellees' brief, and Amazon's silence with respect to Storey's invocation should tell this Court everything it needs to know about the validity of Story's breach of contract claim. Likewise, if there were language indicating that guarantee "must" be included on Tonny's checkout page, Amazon would have simply quoted such language rather than presented this Court with terms that are not included in its contract. Consistent with the fact that Amazon ignores the restrictive elements that are repeatedly invoked by Storey and with Amazon's need to present this Court with terms that are not in its contract, Storey's claims are well founded and should not have been dismissed. For this reason and those stated below, Storey asks this Court to reinstate its claim and allow it to have its day in court.

   I.    *Breach of Contract*

Amazon's Guaranteed Delivery Terms and Conditions provide:

**If we provide a guaranteed delivery date on this checkout page, your shipping fees may be refunded if we miss our promised delivery date.**
**The following requirements must be met to qualify for a delivery guarantee refund:**

- **Shipping method selected is shipping option advertised on a product detail page.**
- **Order is shipping to eligible address.**
- **Order is placed before "order within" countdown listed on the checkout page. The "order within" countdown timer provides the window of time in which you must place your order to receive your delivery by the date shown . . .**
- **If you [sic] order contains items that aren't eligible for guaranteed delivery, shipping preference "Ship my items as they become available" is selected.**
- **Your credit or debit card must be successfully charged before the deadline displayed on the checkout page.**
- **The guarantee does not apply if we miss our promised delivery date because of an unforeseen circumstance outside of our control, such as a strike, natural disaster, or severe winter storm. Also delivery scans might be inaccurate.**
  - **An attempted delivery on or before the guaranteed delivery date meets our delivery obligation.**
  - **An offer by the carrier of a delivery appointment on or before the guaranteed delivery date meets our delivery guarantee.**

**To inquire about a refund of the shipping fees you paid on this order, contact us and select An Order I Placed. Choose your order, then select Problem with an order > Shipping or delivery issues > Shipment is late.**

2 EXCP 246. As can be gathered from the above-quoted elements giving rise to a guaranteed delivery and as extensively set forth in Storey's appellant's brief without refutation from Amazon, there is no requirement that "guarantee" be included on Tonny's checkout page and there is no requirement that Tonny request a refund.

   *A. "Guaranteed" is not a Prerequisite*

   Amazon nonetheless insists that "[t]he contract says in multiple places that the word 'guarantee' <u>must</u> appear on the customer's checkout page to qualify as a guaranteed delivery." Br. of Appellee at 1 (emphasis added); *see also id.* at 8 ("<u>unless</u> the word

3

'guaranteed' appears on a customer's final order page, no guarantee applies") (emphasis added). In presenting this Court with such insistence, however, Amazon neglects to address Storey's demonstration that 1) Amazon's contract expressly informed Tonny that "[t]he following requirements must be met to qualify for a delivery guarantee refund," 2) there are eight elements listed under this provision and the inclusion of "guaranteed" on a consumer's checkout page is not a listed element, and 3) a reasonable consumer viewing Amazon's contract would conclude that the inclusion of "guaranteed" on the checkout page is not a prerequisite because it is not among the listed elements.

Of equal importance and triggering Amazon's above-quoted admonition that "[a] party cannot rewrite his contract to insert language that is not there," Amazon's contract does not indicate that guaranteed "must" be included on a checkout page to give rise to a guaranteed delivery or that a guaranteed delivery is not applicable "unless" guaranteed is included on the checkout page. Yet, Amazon repeatedly insists that guaranteed "must" appear on a consumer's checkout page and there is no guarantee "unless" guarantee is included on a consumer's checkout page. Br. of Appellee at 1, 8.

Rather—and tellingly located on the "help" page of Amazon's contract, no less— Amazon's contract merely provides that "[w]hen guaranteed delivery is available on an order, we'll state this on the checkout page." 2 EXCP 258 (emphasis added). As explained by Storey in its appellant's brief—and again ignored by Amazon—such a clause constitutes "an indication of what Amazon will do" rather than a precondition of performance, and no reasonable consumer reading Amazon's contract would conclude

4

that an indication of what Amazon will do buried on a help page somehow invalidates the restrictive elements in Amazon's Guaranteed Delivery Terms and Conditions that expressly alert a consumer of the preconditions that must be present to give rise to a guaranteed delivery. Br. of Appellant at 12.

By way of a related argument, Amazon asserts that Storey's contention that Tonny would have no reason to view the clause contained on Amazon's help page unless he needed help is meritless because Tonny had an opportunity to examine the help page. Br. of Appellee at 28. Amazon's assertion misses the point. While it is extremely telling that the clause Amazon invokes is contained on its "help" page and no reasonable consumer would expect a material contractual condition to be buried in a help page that the consumer would have no reason to view unless he or she were in need of help, there is a much bigger problem with Amazon's conjured precondition. As specifically stated by Storey—and again not addressed by Amazon—the listed elements contained in Amazon's Guaranteed Delivery Terms and Conditions "do not even reference Amazon's help page let alone suggest there are other requirements therein that are inexplicably omitted from stated terms and conditions." Br. of Appellant at 11. Storey elaborated:

> If Amazon wished to add to the elements giving rise to a guaranteed delivery by incorporating its help page, at the very least, Amazon was required to include a clause in its Guaranteed Delivery Terms and Conditions alerting Tonny that its listed elements are not exclusive and its help page includes an additional prerequisite.

*Id.* at 12. Because Amazon does not incorporate the provisions of its help page in the listed elements that give rise to a guaranteed delivery and because Amazon's contract

5

indicated what Amazon would do rather than indicating that guaranteed "must" appear on a consumer's checkout page to give rise to a guaranteed delivery, the inclusion of "guaranteed" on Tonny's checkout page was not a contractual precondition of a guaranteed delivery. Storey, therefore, alleges a proper breach of contract claim, and Amazon's motion to dismiss is unfounded.

### 1. *Storey did not Change its Position*

Amazon claims that Storey not only failed to invoke the exclusivity argument arising from the listed elements in its Guaranteed Delivery Terms and Conditions in the proceedings below but is also improperly doubling back on its admission that its help page is part of the contract. Br. of Appellee at 19, 26. Contrary to Amazon's claim, however, Storey expressly asserted in its trial brief that the elements listed in Amazon's Guaranteed Delivery Terms and Conditions are sufficient to give rise to a guaranteed delivery. *See* 2 EXCP at 208, 213 ("[t]he 'Guaranteed Delivery Terms and Conditions' page affirms this promise and states the <u>specific</u> requirements that must be met 'to qualify for a delivery guaranteed refund'") (emphasis added).

Furthermore, Amazon's contention that Storey conceded that Amazon's help page constitutes part of the contract constitutes a legerdemain, as Amazon attempts to conflate Storey's admission that Amazon's help page constitutes <u>part of the contract</u> with an admission that Amazon's help page somehow <u>supplants</u> the restrictive elements that give rise to a guaranteed delivery. Stated differently, the unremarkable fact that Amazon's help page constitutes part of the contract does not obviate the fact that

6

Amazon's help page merely amounts to a statement of what <u>Amazon will do</u> and does not suggest that the restrictive elements of Amazon's Guaranteed Delivery Terms and Conditions do not constitute the exclusive list of preconditions that must be present to give rise to a guaranteed delivery.

### 2. *Amazon Never Includes "Guaranteed"*

Citing to its complaint, Storey demonstrated that Tonny's checkout page constituted a standard form used for all expedited deliveries—thus, further proving that the inclusion of "guaranteed" on the checkout page is not a prerequisite for a guaranteed delivery as "guaranteed" is <u>never</u> included on Amazon's checkout page and the provision would be illusory. Br. of Appellant at 13. In response, Amazon complains that Storey's contention amounts to "nothing more than unsupported conclusions drawn from the limited screenshots included in Storey's [first amended complaint]." Br. of Appellee at 29. Storey is at a loss for the basis for Amazon's contention, as Storey's presentation of identical checkout pages constitutes hard evidence that Amazon's checkout page constitutes a standard form and gives rise to a good faith basis for Storey to allege that Amazon uses identical form checkout pages. Thus, if Amazon wishes to contest Storey's allegation, it is required to present evidence indicating that it—implausibly—does not use a standard form for its expedited delivery checkout page, and such a contention is a matter for summary judgment rather than a motion to dismiss.

Amazon also complains that Storey invokes the fact that Amazon's form checkout page demonstrates that Amazon never includes "guaranteed" on a consumer's checkout

page for the first time on appeal and contends that Storey's invocation is waived. Br. of Appellee at 29 (citing *Mortg. Elec. Registration Sys., Inc.*, 754 F.3d 772 (9th Cir. 2014)). This Circuit's waiver rule, however, does not prohibit Storey from making more nuanced arguments in support of the general arguments raised below. *See, e.g., Thompson v. Runnels*, 705 F.3d 1089, 1099 (9th Cir. 2013) (citing *Lebron v. Nat'l R.R. Passenger Corp.*, 513 U.S. 374 (1995)) ("parties are not limited to the precise arguments they made below"); *see also Enquist v. Oregon Dep't of Ag.*, 478 F.3d 985, 996 n. 5 (9th Cir. 2007) (this Court will consider new argument on appeal if it is "intertwined with the validity of the claim"). As further explained by this Court, "it is <u>claims</u> that are deemed waived, <u>not arguments</u>." *United States v. Pallares-Galan*, 359 F.3d 1088, 1095 (9th Cir. 2004) (emphasis added). Storey asserted below that Amazon's checkout page need not include "guaranteed" to give rise to a guaranteed delivery and may now make the more nuanced contention that "guaranteed" need not be included on an expedited delivery checkout page as evidenced by the fact that Amazon's standard form never includes the term.

### B. *Refunds*

Storey repeatedly asserted that Amazon was required to issue a refund because its contract expressly provides without a qualification that "[i]f we provide a guaranteed delivery date and a delivery attempt isn't made by this date, we'll refund any shipping fees associated with that order." *See, e.g.,* Br. of Appellant at 7, 13-14 (citing 2 EXCP 290). Notwithstanding Storey's express invocation of this clause, Amazon now claims "there is *no* provision in the Delivery Terms that provide for [an automatic refund]" without even

8

addressing the clause. Br. of Appellee at 34-35 (emphasis original). Amazon's indication that "[i]f we provide a guaranteed delivery date and a delivery attempt isn't made by this date, we'll refund any shipping fees associated with that order" constitutes an indication that Amazon will refund the premium paid by a consumer without further action on the part of the consumer. Thus, at the very least, Amazon was required to address this clause before asserting that there is no provision providing for an automatic refund.

Similarly, Storey explained at length why a request for a refund is not a condition precedent to a claim of breach of contract while stating:

> Whether a contract provision is a condition precedent or a contractual promise depends on the intent of the parties, to be determined from a fair and reasonable construction of the language used in light of all surrounding circumstances. "Words such as 'provided that,' 'on condition,' 'when,' 'so that,' 'while,' 'as soon as,' and 'after'" suggest a conditional intent, not a promise." The terms "subject to" and "contingent upon" likewise demonstrate an intent to form a condition precedent.

Br. of Appellant at 15 (citing *U.S. Bank Nat'l Ass'n. v. Roosild*, 487 P.3d 212 (Wash. Ct. App. 2021)). Storey went on to demonstrate that Amazon's contract, instead, provides:

> To <u>inquire</u> about a refund of the shipping fees you paid on this order, contact us and select An Order I Placed. Choose your order, then select Problem with an order > Shipping or delivery issues > Shipment is late.

*Id.* at 16 (citing 2 EXCP 246) (emphasis original). Amazon completely ignores this argument and fails to explain how "inquire" is remotely similar to words giving rise to a condition precedent such as "provided that," "on condition," "when," "so that," "while," "as soon as," "after," "subject to," or "contingent upon." *See* Br. of Appellee at 35 n. 3.

Of equal importance, the listed elements in Amazon's Guaranteed Delivery Terms and Conditions set forth the preconditions that give rise to a guaranteed delivery, and a request for a refund is strikingly absent from the listed elements. Thus, to the extent Amazon wishes to assert that Tonny must request a refund to give rise to a breach of contract claim, it must not only explain why its indication that "[i]f we provide a guaranteed delivery date and a delivery attempt isn't made by this date, we'll refund any shipping fees associated with that order" does not provide for an automatic refund but must also explain how a request for a refund constitutes a precondition notwithstanding the absence of such a provision in the restrictive elements of its Guaranteed Delivery Terms and Conditions.

Storey, lastly, demonstrated that it could prevail with respect to its breach of contract claim in the absence of a refund provision as a refund is not an element of a breach of contract and Storey may seek restitution damages in lieu of a refund. *See* Br. of Appellant at 14-15 (citing *Hickcox-Huffman v. US Airways, Inc.*, 855 F.3d 1057 (9th Cir. 2017)); *see also Klutho v. S'west Airlines Co.*, 2020 WL 6703283 * 3 (E.D. Mo. Nov. 13, 2020) ("A contract may be enforceable even if it does not specify a remedy for breach"). Amazon does not challenge Storey's demonstration but, instead, claims that Storey's pleadings only permit him to seek the remedy of a refund rather than "abandoning" his refund contentions. Amazon is mistaken, as Storey's complaint does not confine his remedy to a refund and specifically seeks "all damages." *See* 2 EXCP 31. Of equal importance, Storey does not "abandon" his refund contention and continues to insist—

without contradiction from Amazon—that Amazon's clause of "[i]f we provide a guaranteed delivery date and a delivery attempt isn't made by this date, we'll refund any shipping fees associated with that order" gives rise to a right to a refund. Rather, than abandoning this contention, Storey merely maintains that its breach of contract claim remains viable in the absence of a refund provision and that Storey may seek restitution damages in the absence of a viable refund claim.

### C. Delivery was Required within the Specified Time Window

Storey demonstrated that, when a contract contains specific and general provisions, the specific provisions govern and, for this reason, Amazon's indication that Tonny's tea would be delivered on a general date is subservient to Amazon's indication that Tonny's tea would be delivered at a specific time. Br. of Appellant at 18 (citing *AGCS Marine Ins. Co. v. Expeditors Int'l Ocean, Inc.*, 470 F.Supp.3d 1210 (W.D. Wash. 2020)). Amazon ignores this rule while insisting that the specific time windows included in its contract are preceded by the word "overnight." Br. of Appellee at 32-33. Contrary to Amazon's assertion, the provision "Overnight 4 AM – 8 AM" required Tonny's tea to be delivered by 8:00 a.m. and Amazon may not ignore the specific time window contained in its contract because it is preceded by "overnight." *See Storti v. Univ. of Wash.*, 330 P.3d 159, 164 (Wash. 2014) (citing *Wagner v. Wagner*, 621 P.2d 1279 (Wash. 1980)) ("It is a fundamental precept of contract law that contracts must be interpreted in accordance with all of their terms").

As the district court observed:

11

> The Court finds unpersuasive Amazon's attempts to characterize Storey's delivery as timely because he paid for fastest shipping or overnight shipping rather than delivery during the timeslot he selected, given that Amazon's communications with Storey acknowledged that the delivery was delayed.

2 EXCP 9 n. 5. Consistent with the district court's observation, Amazon knew it agreed to deliver Tonny's tea within his chosen time window, and Amazon cannot plausibly contend that Tonny did not pay a premium for delivery within this window in light of the fact that it acknowledged his delivery was "late."

Amazon also complains of Storey's invocation of extrinsic evidence by asserting that extrinsic evidence that is inconsistent with a contractual writing is inadmissible. Br. of Appellee at 33-34 (citing *Nihon Ki-In Go Inst. of the W. v. Nihon Ki-In*, 2012 WL 12941689 (W.D. Wash. June 27, 2012)). Storey, however, does not invoke extrinsic evidence to contradict the contract's written terms and, instead, invokes extrinsic evidence to demonstrate that Amazon well understood that the written terms of its contract required Tonny's tea to be delivered by 8:00 a.m. Because Storey may invoke extrinsic evidence to give meaning to the written terms of Amazon's contact, it may rely upon extrinsic evidence to demonstrate that Amazon knew its written inclusion of delivery between "4:00 a.m. and 8:00 a.m." required it to deliver Tonny's tea by 8:00 a.m.

## II. The CPA

Amazon asserts Storey's CPA allegations are unfounded because Storey's claim that "Amazon did not disclose that 'guaranteed' delivery is limited to orders where 'guaranteed' appears on the checkout page" is refuted by its help page's inclusion of this provision. Br. of Appellee at 39-41. Amazon's assertion, again, ignores the substance of

12

Storey's argument. In addition to the fact that Amazon's purported guaranteed provision amounts to an indication of what <u>Amazon</u> would do rather than remotely suggests that guaranteed "must" appear on a checkout page before a consumer is entitled to a guaranteed delivery, Amazon misleads consumers by now claiming that "guaranteed" must appear on a consumer's checkout page notwithstanding the absence of this predicate in Amazon's Guranteed Delivery Terms and Conditions. Storey included this argument in its appellant's brief, and Amazon's failure to address it should tell this Court everything it needs to know about the viability of Storey's CPA claim. *See* Br. of Appellant at 22 (Storey asserting "a reasonable consumer viewing Amazon's terms and conditions would believe the listed elements are sufficient").

Amazon also contends it was not deceptive for it "to offer hours-based delivery windows as part of Storey's check out" beause Storey's checkout page stated that he would receive delivery "overnight, which is exactly what Amazon provided." Br. of Appelleeat 42. Amazon's contention patently missess the point, as Amazon's contract did not <u>only</u> state "Overnight" but immediately followed "overnight" with <u>an explicit time window</u> that was designed to induce consumers to pay a premium in the hopes of receiving their product in time for its intended use and to prevent porch piracy.

Amazon, lastly, claims that Storey failed to address the district court's conclusion that Storey cannot establish causation in light of Tonny's failure to request a refund. Br. of Appellee at 43-44. Contrary to Amazon's claim, however, Storey devotes a substantial portion of its brief to its contention that Tonny did not have an obligation to request a

13

refund. *See* Br. of Appellant at 13-15. To be sure, if Tonny were required to request a refund to be eligible for guaranteed delivery, he could not establish the causation component of his CPA claim. As set forth in Storey's appellant's brief, however, Tonny had no such obligation, and the fact that he did not seek a refund has no bearing on his CPA claim.

## CONCLUSION

Storey asks this Court to reverse the dismissal of its amended complaints.

Respectfully submitted,

/s/ Gabriel A. Hawkins
Gabriel A. Hawkins
COHENMALAD, LLP
One Indiana Square
Suite 1400
Indianapolis, Indiana 46204
317.636.6481 (telephone)
ghawkins@cohenmalad.com

*Attorney for the Appellants*

14

**CERTIFICATE OF COMPLIANCE WITH RULE 32(a)**

This brief complies with the type-volume limitation of Federal Rule of Appellate Procedure 32(a) because it contains 3702 words, excluding the parts of the brief exempted by Federal Rule of Appellate Procedure 32(f).

/s/ Gabriel A. Hawkins
Gabriel A. Hawkins
COHENMALAD, LLP
One Indiana Square
Suite 1400
Indianapolis, Indiana 46204
317.636.6481 (telephone)
ghawkins@cohenmalad.com

15

## CERTIFICATE OF SERVICE

I hereby certify that on October 31, 2025 and pursuant to Rule 25 of the Federal Rules of Appellate Procedure, a copy of the foregoing reply brief of the plaintiff-appellants was filed electronically with the Clerk of Court using the Court's CM/ECF system. I further certify that I have served, via the Court's Electronic Filing System and overnight courier, a copy of the same on the following:

Charles C. Sipos
Ellie F. Chapman
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101
CSipos@perkinscoie.com
EChapman@perkinscoie.com

*Counsel for Defendant-Appellee
Amazon.com Services LLC*

/s/ Gabriel A. Hawkins
Gabriel A. Hawkins
COHENMALAD, LLP
One Indiana Square
Suite 1400
Indianapolis, Indiana 46204
317.636.6481 (telephone)
ghawkins@cohenmalad.com